# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **WILLIAM LANCE WALKER, #3552233,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:14-cv-01427** |
| | ) | |
| **GEORGIA CROWELL, DR. ROBERTA** | ) | **Judge Nixon** |
| **BURNS, SHARON TAYLOR,** | ) | |
| **and DERRICK SCHOFIELD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff William Lance Walker, a state prisoner incarcerated at the Northeast Correctional Complex – Carter County Annex in Roan Mountain, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1). The Court has granted the plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss any *in forma pauperis* or prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## I.    Standard of Review

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.     Factual Allegations

The plaintiff brings suit against defendants Georgia Crowell, Health Administrator at the Northeast Correctional Complex ("NECX"); Dr. Roberta Burns, a physician at Meharry Medical Center in Nashville, Tennessee; Sharon Taylor, the former warden at NECX; and Derrick Schofield, Commissioner of the Tennessee Department of Correction. He names all defendants in both their individual and official capacities.

The plaintiff asserts that he has a serious medical condition to which the defendants have exhibited deliberate indifference, in violation of his rights under the Eighth Amendment to the United States Constitution. In support of this claim, he alleges that on April 4, 2013, he realized he had completely lost vision in his left eye and, after notifying prison authorities of the problem, was promptly transported to the Emergency Department of the Johnson City Medical Center. There, he was diagnosed as having a "slightly detached retina" in his left eye. (Complaint, ECF No. 1, at 4.) The ED physician who treated him referred the plaintiff to an eye specialist. The next day, on April 5, 2013, the plaintiff was transported to the Johnson City Eye Clinic, where he was seen by Dr. Peter Lemkin, who confirmed that the plaintiff had a detached retina in his left eye but that his optical nerve was in good health, and that immediate surgery would be required

for there to be any chance that the plaintiff might regain some use of his left eye. On May 2, 2013, the plaintiff was taken to the Meharry Eye Center at Nashville General Hospital, where he was seen by two retinal specialists. These specialists concluded that surgery was not indicated, because there was no chance that it would serve to restore the vision in the plaintiff's left eye. However, these two specialists also diagnosed a "retina hole" in the plaintiff's *right* eye and informed him that laser surgery on his right eye to repair the hole was necessary to prevent further deterioration of his vision in that eye, particularly since he had already lost vision in his left eye.

At some point after May 22, 2013, the plaintiff's mother, at the plaintiff's request, contacted Nurse Clark at the NECX Health/Medical Clinic. The plaintiff's mother was informed that the plaintiff had received laser eye surgery to repair the retina hole in his right eye on May 7, 2013 by Dr. Roberta Burns at the Meharry Eye Center at Nashville General Hospital. The plaintiff insists that he did not receive any eye surgery or laser procedure to repair the retina in his right eye.

The plaintiff states that he filed three grievances related to this issue, which were denied on the basis that the plaintiff had purportedly received the laser surgery that was prescribed by the specialists on May 2. The plaintiff asserts that the false documentation in his prison medical chart indicates a deliberate attempt by prison authorities to avoid providing necessary medical care.

He seeks compensatory and punitive damages from all defendants, as well as injunctive relief in the form an order that he receive the necessary treatment.

**III.    Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of

his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 44 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As an initial matter, the Court notes that Dr. Roberta Burns, a private doctor with whom the plaintiff apparently had no contact, is not an appropriate defendant under 42 U.S.C. § 1983, because she is not shown to be a state actor, that is, a "person acting under color of state law." *Tahfs*, 316 F.3d at 590. Moreover, the plaintiff has not alleged facts showing that Dr. Burns has any knowledge of the false documentation in his prison medical records or any involvement in the circumstances giving rise to his complaint. The § 1983 claims against Dr. Burns must therefore be dismissed. Moreover, because the plaintiff insists that he was not seen or treated by Dr. Burns in any capacity, he fails to state a state-law claim for medical malpractice against her either.

Insofar as the state-official defendants, Crowell, Taylor, and Schofield, are sued in their *official* capacity for damages, such claims fail. Suits against state officials in their official capacity are "treated as suits against the State," *Hafer v. Melo*, 502 U.S. 21, 25 (1991), because in an action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Therefore, "an official-capacity suit is, in all

respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). And, as such, a suit for damages against state officials in their official capacity is barred by the Eleventh Amendment. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (finding that when a state has not waived its sovereign immunity and defendants are state employees, "[t]o the extent [defendants] are sued in their official capacities, the § 1983 claim fails."). Accordingly, the official-capacity claims against Crowell, Taylor, and Schofield must be dismissed.

Under *Ex parte Young*, 209 U.S. 123 (1908), the official-capacity claims against Crowley, Taylor, and Schofield for prospective injunctive relief are not barred by the Eleventh Amendment. *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). In this case, however, the plaintiff fails to allege facts suggesting that his injuries arose from implementation of a policy or custom that is attributable to the state or even to the prison itself, as required to state an official-capacity claim against a government entity. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). The complaint therefore fails to state official-capacity claims against the state-employee defendants.

Insofar as defendants Taylor and Schofield are sued in their *individual* capacity, the plaintiff's allegations do not suggest that either the former warden of NECX or the Commissioner of TDOC was in any way personally involved in the decisions regarding the plaintiff's medical care. To establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the

plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). Because the complaint does not allege the personal involvement of Taylor or Schofield in the events giving rise to the plaintiff's claims, the complaint fails to state a claim under 42 U.S.C. § 1983 against these defendants in their individual capacity.

Finally, regarding the health administrator at NECX, defendant Georgia Crowell, as a prison official, is a person acting under color of state law who may be subject to liability under § 1983. In addition, it may reasonably be inferred from the plaintiff's allegations that Crowell is charged with ensuring that inmates receive outside medical care when they need it, and that she is the person responsible for determining whether the plaintiff should be seen or treated by an eye specialist outside the prison. Thus, it may also be inferred from the complaint that Crowell was personally involved in the decisions giving rise to the prison's response to the plaintiff's alleged injury. The question is whether the plaintiff's allegations establish that he has suffered a violation of his constitutional rights.

The Eighth Amendment, by its terms, prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its application by the courts, the Eighth Amendment has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). While the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), the Eighth Amendment imposes affirmative duties on

prison officials to "assume some responsibility for [each prisoner's] safety and general well-being," and to "provide for his basic human needs," including medical care. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989). In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court concluded that the "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the "unnecessary and wanton infliction of pain" contrary to contemporary standards of decency. *Id.* at 104.

Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation, but the Supreme Court has clarified that the question of whether a prisoner's claim based on prison officials' failure to provide adequate medical care involves both a subjective and an objective component: The objective prong asks whether the harm inflicted by the conduct is sufficiently "serious" to warrant Eighth Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The Sixth Circuit has defined a "serious medical need" as "either one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quotation marks and citations omitted). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To establish the subjective component of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835–36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *Estelle*, 429 U.S. at 106. Thus, when a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are generally reluctant to second-guess the medical judgments of prison officials and thus to constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n.5. Notwithstanding, the Sixth Circuit has also recognized that "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Id.*

Under this standard, the Court finds that the plaintiff has stated a colorable claim against defendant Crowell in her individual capacity. The plaintiff's allegations give rise to a question of fact as to whether his medical condition (the retina hole in his right eye) constitutes an objectively serious medical condition. A specialist indicated that the plaintiff needed treatment for this condition, particularly in light of the fact that he has already completely lost the vision in his left eye and is apparently prone to retinal disorders. Based on the plaintiff's allegations, it

appears that Crowell and other prison authorities recognized the need to treat this eye, because they have falsely or erroneously indicated in the plaintiff's medical records that he received the recommended treatment. The plaintiff asserts that he attempted to set the record straight, to no avail, and the Court is obliged at this stage to credit his allegations. In short, the plaintiff has pleaded facts that, if proven to be true, may show that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to . . . the threat of tangible residual injury." *Westlake*, 537 F.2d at 860.

The claim against defendant Crowell in her individual capacity will therefore be permitted to proceed, though the remaining claims will be dismissed for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT